O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND BINGHAM ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | Case No.  CV 10-2596   CAS <br>             CR 91-770     CAS <br> <br> PETITIONER'S PETITION FOR WRIT <br> OF ERROR CORAM NOBIS |

## I.   BACKGROUND

On April 9, 2010, petitioner Raymond Bingham, a person in federal custody proceeding pro se, filed a petition for writ of error <u>coram nobis</u> under 28 U.S.C. § 1651 challenging his 1991 sentence of 300-months.  Specifically, petitioner was sentenced to 240 months for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and 60 months for violation of 18 U.S.C. § 924 (c) (carrying/using a firearm during and in relation to a drug trafficking crime).

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the

records in a prior federal habeas corpus action brought by petitioner: (1) <u>Bingham v. United States</u>, case no. CR 91-00770 CAS ("Bingham I"). The records in Bingham I show that on October 10, 1997, petitioner filed his first federal habeas corpus petition challenging the same criminal judgment he challenges here. On November 10, 1998, judgment was entered denying the habeas petition on the merits and dismissing Bingham I. The petitioner did not appeal the judgment to the Ninth Circuit Court of Appeals.

## II.   DISCUSSION

### A. Petition for Writ of Error Coram Nobis

<u>Coram nobis</u> is an extraordinary writ that usually is available to petitioners who have fully served their sentences. <u>United States v. Monreal</u>, 301 F.3d 1127, 1131-32 (9th Cir. 2002). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." <u>Id.</u> (citing <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002). To warrant <u>coram nobis</u> relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. See <u>Matus-Leva</u>, 287 F.3d at 760. If a petitioner is still in custody, he may not bring a <u>coram nobis</u> petition because the more usual remedy of a § 2255 petition is available. <u>Monreal</u>, 301 F.3d at 1132.

Here, Bingham is still in custody at the Federal Correctional Institution in Herlong, California. Accordingly, the petitioner is precluded from bringing a <u>coram nobis</u> petition because the more usual remedy a § 2255 petition is available. See <u>Matus-Leva</u> at 761 ("A petitioner may not resort to <u>coram nobis</u> merely because he has failed to meet the AEDPA's gatekeeping requirements.") The Court construes Bingham's <u>coram nobis</u> petition to challenge his sentence as a § 2255 motion. See <u>Baker v. United States</u>, 932 F.2d 813, 814 (9th Cir. 1991) (court may construe a <u>coram nobis</u> petition as a section 2255 motion).

B. Successive 28 U.S.C. § 2255 Motion

Rule 9(b) of the Rules Governing § 2255 Proceedings for the United States District Courts states: "A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds and the prior determination was on the merits . . . ." § 2255 Rule 9(b). Section 2255 provides that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255.

The instant petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"). Section 106 of the Act amends 28 U.S.C. § 2244(b) to read, in pertinent part, as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition [. . .] unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

Here, the instant petition is a second and successive petition challenging petitioner's sentence, which raises claims that petitioner could have raised in Bingham I. Moreover, it plainly appears on the face of the petition that petitioner has not moved in the Ninth Circuit Court of Appeals for an order authorizing this Court to consider the instant successive petition. Under the Act, a successive habeas petition is not a matter of right -- and the gatekeeping function belongs to the Court of Appeals, not to the district court. Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333, 135 L. Ed. 2d 827

(1996). This Court, thus, must dismiss the instant habeas corpus petition as a successive petition for which it lacks subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).

**III. CONCLUSION**

Having duly considered each of petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief. The Court concludes that an evidentiary hearing is not required to adjudicate this matter.

For the reasons discussed above, petitioner's petition is hereby DISMISSED.

Dated: August 9, 2010

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE