O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND BINGHAM )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>Respondent. )<br>)<br>)<br>_____ ) | Case No. CV 10-2596 CAS<br>CR 91-770 CAS<br><br>PETITIONER'S MOTIONS FOR RECONSIDERATION OF PETITIONER'S PETITION FOR RELIEF UNDER CORAM NOBIS, EX PARTE MOTION FOR EMERGENCY RELIEF, AND TO INVOKE THE COURT'S EQUITABLE AUTHORITY |

**I.    BACKGROUND**

On September 9, 2010, petitioner Raymond Bingham, a person in federal custody proceeding pro se, filed a motion for reconsideration of this Court's August 9, 2010 order, pursuant to Fed. R. Civ. P. 59(e).  Specifically, petitioner raises two arguments. First, petitioner argues that a recent Second Circuit opinion has changed the law regarding increased concurrent sentences under 21 U.S.C. § 924(c)(1).  Second, petitioner argues that he is entitled to a decreased sentence in light of the recent changes to the sentencing guidelines.  The August 9, 2010 order denied Bingham's

petition for writ of error coram nobis under 28 U.S.C. § 1651, filed April 9, 2010, challenging his 1991 sentence of 300-months. In the August 9, 2010 order, the Court found that the petition for writ of error coram nobis was inappropriate under the circumstances, and the Court treated that petition as a second or successive § 2255 motion.

Subsequently, on September 30, 2010, petitioner filed an ex parte motion for emergency relief under 18 U.S.C. § 3582(c)(2) in light of the reduction to the mandatory minimum sentence for petitioner's drug trafficking offense under the Fair Sentencing Act of 2010. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The motion argued that the change in the mandatory minimum sentence makes petitioner eligible for immediate release. Additionally, on October 4, 2010, petitioner filed a motion to invoke the Court's equitable authority to reduce petitioner's sentence.

Petitioner was sentenced to 240 months for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and 60 months for violation of 18 U.S.C. § 924 (c) (carrying/using a firearm during and in relation to a drug trafficking crime).

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: (1) Bingham v. United States, case no. CR 91-00770 CAS ("Bingham I"). The records in Bingham I show that on October 10, 1997, petitioner filed his first federal habeas corpus petition challenging the same criminal judgment he challenges here. On November 10, 1998, judgment was entered denying the habeas petition on the merits and dismissing Bingham I. The petitioner did not appeal the judgment to the Ninth Circuit Court of Appeals.

**II. DISCUSSION**

    **A. Motion for Reconsideration and Concurrent Sentences under § 924(c)(1)**

Petitioner has noted the circuit split created by United States v. Williams, 558

2

F.3d 166 (2d Cir. 2009), regarding an additional concurrent sentence under 18 U.S.C. § 924(c)(1) when there is already a minimum sentence for an underlying offense. Williams holds that a concurrent mandatory minimum sentence associated with a violation of § 924(c)(1) does not apply when there is a violation of another statute during the same course of conduct that carries a higher mandatory minimum sentence. Id. at 169-76. The Second Circuit found that the "except" clause of § 924(c)(1), which states "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," applies to any other criminal statute, not just § 924. Id. at 169-70. The Ninth Circuit has not yet ruled on the issue discussed in Williams. Petitioner also notes that the Supreme Court has granted certiorari in cases from the Third and Fifth Circuits that have reached a result that is contrary to Williams. See United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, --- U.S. ----, 130 S. Ct. 1284, --- L. Ed. 2d ---- (2010); United States v. Gould, 329 Fed. Appx. 569 (5th Cir. 2009) (nonprecedential decision), cert. granted, --- U.S. ----, 130 S. Ct. 1283, --- L. Ed. 2d ---- (2010). However, prior to any discussion on the circuit split, the Court must address whether there is jurisdiction to hear this petition.

### 1. Jurisdiction of the Petition

As the Court noted in its August 9, 2010 order, the petition is a second or successive motion under 28 U.S.C. § 2255. In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). A petition may be brought under 28 U.S.C. § 2241 to challenge the manner, location, or conditions of a sentence's execution. Because petitioner challenges the imposition of an additional sentence, he is challenging the legality of his detention. However, a petition may also be brought under 28 U.S.C. § 2241 when a petition under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (2006); Hernandez v. United States, 204 F.3d 861, 864-65 (9th Cir. 2000). This clause in § 2255 is referred to as the "savings clause" or the "escape hatch." Harrison v. Ollison, 519 F.3d 952, 956

(9th Cir. 2008). Determination of under which section a petition is brought is essential to a district court's jurisdiction determination because § 2255 petitions are heard in the sentencing court while § 2241 petitions are heard in the custodial court. Hernandez, 204 F.3d at 865.

The Ninth Circuit has held that a petition meets the savings clause "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). Here however, petitioner does not make a claim of actual innocence, nor could he, as there has been no change in the law regarding the petitioner's guilt or innocence of the underlying offenses.

### 2. Petitioner's § 2255 Petition

Thus, as indicated in the August 9, 2010 order, the April 9, 2010 petition is properly construed as a second and successive petition under § 2255 challenging petitioner's sentence. The petition raised claims that petitioner could have raised in Bingham I. Moreover, it plainly appears on the face of the petition that petitioner has not moved in the Ninth Circuit Court of Appeals for an order authorizing this Court to consider the instant successive petition.

Petitioner directs the Court's attention to Lorensten v. Hood, 223 F.3d 950 (9th Cir. 2000) and the portion of the opinion where the Ninth Circuit stated: "Petitioner's Bailey claim may not be presented by a second or successive motion under § 2255 because Congress has determined that second or successive motions may not contain statutory claims." Id. at 953. Petitioner argues that because he made a claim in the April 9, 2010 petition that related to the pending legislation, Lorensten allows petitioner to bring a § 2255 motion without first securing authorization from the Ninth Circuit Court of Appeals. However, Lorensten does not support petitioner's argument. Lorensten was concerned with when a petitioner may resort to a writ of habeas corpus under 28 U.S.C. § 2241 because § 2255 was an inadequate remedy. Id. at 953-54. The Lorensten court ultimately did not answer that question because the petitioner in that

case was unable to prove that he was innocent of the crime with which he was charged. Id. at 954-56. The pending changes that petitioner pointed to in Bingham I regarding the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 do not appear in the final version of the enacted law, though there is a change to the minimum amount of cocaine base to receive the 240 month sentence in 21 U.S.C. § 841(b)(1)(A)(iii). Thus, petitioner's arguments do not persuade this court to treat the petition as anything other than a successive or second motion under § 2255.

The instant petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"). Section 106 of the Act amends 28 U.S.C. § 2244(b) to read, in pertinent part, as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition [. . .] unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

Under the Act, a successive habeas petition is not a matter of right -- and the gatekeeping function belongs to the Court of Appeals, not to the district court. Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). This Court, thus, must dismiss the instant habeas corpus petition as a successive petition over which it lacks subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).

**B.     Ex Parte Motion for Emergency Relief**

With regard to petitioner's offenses, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, increased the amount of cocaine base required to invoke the mandatory minimum sentence from 50 grams to 280 grams in 21 U.S.C. § 841(b)(1)(A)(iii). Petitioner was convicted of conspiring with others to distribute approximately 61 grams of cocaine base. Pl.'s Opp'n 1. Petitioner argues that this change in the law should be retroactively applied to petitioner. The "Savings Statute" generally provides that repeal of a statute does not retroactively apply to any previous form of punishment unless the repealing statute expressly provides that it is retroactive. 1 U.S.C. § 109 (2006). See Warden v. Marrero, 417 U.S. 653, 661 (1974). In a different context, the Ninth Circuit has agreed with this approach. See United States v. Avila-Anguiano, 609 F.3d 1046, 1050-51 (9th Cir. 2010) (finding that the Savings Statute applied when defendant committed an illegal act under a temporary statute despite the temporary statute's expiration prior to sentencing).

While the Ninth Circuit has not ruled on whether the Fair Sentencing Act applies retroactively, each federal court of appeals that has considered the matter has found the Act to not apply retroactively, because there is no express statement of retroactivity contained in the Act. See United States v. Brown, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010) (unpublished opinion); United States v. Gomes, No. 10-11225, --- F.3d ---, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010) (per curiam); United States v. Carradine, No. 08-3220, --- F.3d ---, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010). The Court is persuaded by the reasoning of these cases and finds that the Fair Sentencing Act should not be applied retroactively to petitioner.

Additionally, the Ninth Circuit has held that a sentence should not be modified under 18 U.S.C. § 3582(c)(2) due to a change in the sentencing guidelines when that sentence was the result of a statutory mandatory minimum sentence. See United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009). Thus, § 3582(c)(2) is also inapplicable to petitioner's sentence.

**C.     Motion to Invoke Equitable Authority**

Petitioner requests that the Court exercise what equitable powers it has to provide relief for petitioner. Petitioner has not cited, and the Court has not found any authority, which would allow the Court to act in this case to reduce petitioner's sentence or order his immediate release.

## III. CONCLUSION

Having duly considered each of petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief. The Court concludes that an evidentiary hearing is not required to adjudicate this matter.

For the reasons discussed above, petitioner's petition is hereby DISMISSED.

Dated: October 19, 2010

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE