O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND BINGHAM<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br><br>                    Respondent.<br>_____ | Case No.  CV 10-2596   CAS<br>                  CR 91-770      CAS<br><br>PETITIONER'S MOTION FOR RECONSIDERATION OF PETITIONER'S PETITION FOR RELIEF UNDER CORAM NOBIS AND MOTIONS FOR EMERGENCY RELIEF AND TO INVOKE THE COURT'S EQUITABLE AUTHORITY |

## I.     BACKGROUND

On November 22, 2010, petitioner Raymond Bingham, a person in federal custody proceeding pro se, filed a second motion for reconsideration of this Court's August 9, 2010 order, pursuant to Fed. R. Civ. P. 59(e).  Specifically, in this second motion, petitioner restricts his arguments to the retroactive applicability of the Fair Sentencing Act of 2010, and the improper treatment of the August 9, 2010 petition as a second or successive § 2255 motion.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  The August 9, 2010 order denied Bingham's petition for writ of

error <u>coram nobis</u> under 28 U.S.C. § 1651, filed April 9, 2010, challenging his 1991 sentence of 300-months.  In the August 9, 2010 order, the Court found that the petition for writ of error <u>coram nobis</u> was inappropriate under the circumstances, and the Court treated that petition as a second or successive § 2255 motion.

Petitioner was sentenced to 240 months for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and 60 months for violation of 18 U.S.C. § 924 (c) (carrying/using a firearm during and in relation to a drug trafficking crime).

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: (1) <u>Bingham v. United States</u>, case no. CR 91-00770 CAS ("Bingham I").  The records in Bingham I show that on October 10, 1997, petitioner filed his first federal habeas corpus petition challenging the same criminal judgment he challenges here.  On November 10, 1998, judgment was entered denying the habeas petition on the merits and dismissing Bingham I.  The petitioner did not appeal the judgment to the Ninth Circuit Court of Appeals.

## II.     DISCUSSION

### A.     Appropriateness of Treating Petitioner's April 9, 2010 Petition as a Second or Successive § 2255 Motion

Among other arguments, petitioner challenges the jurisdictional determination of the petition as a second or successive § 2255 motion.  As this issue is dispositive to petitioner's instant motion for reconsideration, the Court need not address petitioner's other arguments.[1]  Petitioner argues that the April 9, 2010 petition should not have been

---

[1]Petitioner's other main arguments relate to the retroactivity of the Fair Sentencing Act of 2010 and the inapplicability of 1 U.S.C. § 109 to that Act.  It is clear that § 109 is applicable to amendments as well as repeals of statutes.  <u>See</u> <u>Covey v. Hollydale Mobilehome Estates</u>, 116 F.3d 830, 839 (9th Cir. 1997) ("Section 109 applies to amendments as well as to repeals of statutes.").  Additionally, the Court's previous October

continue...

treated as a second or successive § 2255 motion, at least with respect to the Fair Sentencing Act of 2010 ("the Act") argument, because the claim could not have been brought at the time of the petitioner's first habeas motion.  However, petitioner's April 9, 2010 petition attacked his sentence both because of the Act and because of the circuit split created by <u>United States v. Williams</u>, 558 F.3d 166 (2d Cir. 2009).  As such, because relief <u>coram nobis</u> was found inappropriate, the Court properly construed the petition as a second or successive § 2255 motion over which it lacked jurisdiction.  <u>See Baker v. United States</u>, 932 F.2d 813, 814 (9th Cir. 1991) (court may construe a coram nobis petition as a section 2255 motion).  Additionally, when construed as a second or successive petition, petitioner's argument with respect to the Act, which was a statutory change, was also inappropriate because "Congress has determined that second or successive motions may not contain statutory claims."  <u>Lorensten v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000); <u>see</u> 28 U.S.C. § 2255(h) (2006).  Thus, the April 9, 2010 petition was properly treated as a second or successive § 2255 motion over which the Court lacked jurisdiction.

**B.    The Merits of the Fair Sentencing Act of 2010's Applicability**

Though not necessary, the Court addresses here the merits of petitioner's argument regarding retroactivity of the Fair Sentencing Act of 2010.

Despite the correctness of petitioner's arguments that ripeness is a proper consideration for a second or successive motion, this reasoning does not apply to the present case.  In the context of §§ 2254 and 2255 second or successive petitions, the Ninth Circuit has indicated that the Supreme Court has made few exceptions as to when a literal second or successive petition should not be treated as such.  <u>See United States v. Lopez</u>, 577 F.3d 1053, 1059-64 (9th Cir. 2009).  In <u>Panetti v. Quarterman</u>, 551 U.S.

---

[1]...continue
19, 2010 order addresses the issue of retroactivity of the Act and the applicability of § 109. Cf. <u>United States v. Hall</u>, No. 09-10216, 2010 WL 4561363, at * (9th Cir. Nov. 10, 2010) ("[The Fair Sentencing Act of 2010] is not retroactive.").

930 (2007), the Supreme Court addressed the narrow issue of "where a prisoner raises a Ford claim for the first time in a petition filed after the federal courts have already rejected the prisoner's initial habeas application."[2] Id. at 945. In addressing this issue, the Supreme Court described three factors to be considered in determining whether a petition that was a literal second or successive § 2254 motion is to be treated as such in the narrow circumstance of a petition that raises a Ford claim: "(1) the implications for habeas practice of adopting a literal interpretation of 'second or successive,' (2) the purposes of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] and (3) the Court's prior habeas corpus decisions, including those applying the abuse-of-the-writ doctrine." Lopez, 577 F.3d at 1063 (citing Panetti). In Panetti, the Supreme Court indicated that the AEDPA's purpose is "to further the principles of comity, finality, and federalism." Panetti, 551 U.S. at 945 (emphasis added) (internal quotation marks and citations omitted). After reviewing these factors, the Panetti Court found that a § 2254 petition that raises a Ford claim for the first time in a second petition should not be treated as a second or successive petition under the statute. The Ninth Circuit reviewed these same factors in Lopez when faced with the issue of whether an alleged Brady violation may be treated as not second or successive when brought in a second § 2255 petition.[3] While the Ninth Circuit did not reach the merits as to whether these factors supported such treatment for all meritorious Brady claims, it did find that a non-meritorious Brady claim is properly dismissed as second or successive. Lopez, 577 F.3d at 1063-68.

---

[2] In Ford v. Wainwright, 477 U.S. 399 (1986), the Supreme Court held that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane." Id. at 409-10.

[3] In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. In Lopez the prosecution failed to provide requested evidence. Lopez, 577 F.3d at 1057-59.

1
2
3
4
5
6
7

The Fair Sentencing Act of 2010 is not retroactive.   United States v. Hall, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. Nov. 10, 2010).  Thus, allowing a petitioner to petition a second time under § 2255 does not further the purposes of the AEDPA with regard to finality and does not implicate habeas practice if such a claim is treated simply as a literal second or successive motion.  In this way, the instant petition may be distinguished from the situations in both Panetti and Lopez.  Thus, petitioner's argument regarding the ripeness of his petition is not persuasive.

8

**III. CONCLUSION**

9
10
11

Having considered petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief.  The Court concludes that an evidentiary hearing is not required to adjudicate this matter.

12

For the reasons discussed above, petitioner's petition is hereby DISMISSED.

13
14
15
16
17

Dated: November 30, 2010

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

18
19
20
21
22
23
24
25
26
27
28