O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND BINGHAM )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. )<br>)<br>)<br>)<br>)<br>_____ ) | Case No. CV 10-2596 CAS<br>CR 91-770 CAS<br><br>PETITIONER'S THIRD MOTION FOR RECONSIDERATION OF PETITIONER'S PETITION FOR RELIEF UNDER CORAM NOBIS AND MOTIONS FOR EMERGENCY RELIEF AND TO INVOKE THE COURT'S EQUITABLE AUTHORITY |

**I. BACKGROUND**

On December 27, 2010, petitioner Raymond Bingham, a person in federal custody proceeding pro se, filed a third motion for reconsideration of this Court's August 9, 2010 order. In the order, the Court denied his petition for writ of error coram nobis under 28 U.S.C. § 1651 challenging his 1991 sentence of 300-months, finding that the petition for writ of error coram nobis was inappropriate under the circumstances, that it should be treated as a second or successive § 2255 motion, and that this Court lacked jurisdiction to review a second or successive petition without

approval from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner has since twice moved the Court to reconsider, arguing that his petition should not be treated as a second or successive § 2255 motion. In his third and most recent motion for reconsideration, petitioner focuses his arguments on the retroactive applicability of the Fair Sentencing Act of 2010.

Petitioner was sentenced to 240 months for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and 60 months for violation of 18 U.S.C. § 924 (c) (carrying/using a firearm during and in relation to a drug trafficking crime). Records in a prior federal habeas corpus action brought by petitioner, of which this Court has taken judicial notice, show that on October 10, 1997, petitioner filed his first federal habeas corpus petition challenging his sentence. On November 10, 1998, judgment was entered denying the habeas petition on the merits. The petitioner did not appeal the judgment to the Ninth Circuit Court of Appeals.

## II.   DISCUSSION

In his third motion for reconsideration, petitioner argues that his April 9, 2010 petition was not "second and successive" because the Fair Sentencing Act of 2010 should be applied retroactively, and as such, it constitutes a new claim that could not have been raised at the time when he filed his first federal habeas petition. In support of his argument, petitioner extensively relies on the legislative history of the Act, highlighting sections that describe the disparate impact of the pre-amendment sentencing guidelines.

However, as this Court previously discussed in its October 19, 2010 and November 30, 2010 orders denying petitioner's first and second motions for reconsideration, respectively, the Fair Sentencing Act of 2010 does not apply retroactively. See Dkt. Nos. 12, 18; see also United States v. Hall, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. Nov. 10, 2010). Without a claim of retroactivity, allowing the petitioner to file a second § 2255 petition would not further the purposes of the

Antiterrorism and Effective Death Penalty Act with regard to finality. Therefore, the Court appropriately treated the claim as a literal second or successive motion. As this Court discussed in its August 9, 2010 order, the Court is without jurisdiction to consider a second or successive petition absent certification from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

### III.  CONCLUSION

Having considered petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief. The Court concludes that an evidentiary hearing is not required to adjudicate this matter.

For the reasons discussed above, petitioner's petition is hereby DISMISSED.

Dated: January 24, 2011

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE